**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

No. 06-4136

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TONY ALLEN ADAMS, JR.,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Western
District of Virginia, at Big Stone Gap.  James P. Jones, Chief
District Judge.  (2:04-cr-10064-jpj)

———————

Submitted:  October 18, 2006        Decided:  November 8, 2006

———————

Before NIEMEYER, WILLIAMS, and MOTZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Frederick T. Heblich, Jr., FREDERICK T. HEBLICH, JR., P.C.,
Charlottesville, Virginia, for Appellant. John L. Brownlee, United
States Attorney, Anthony P. Giorno, Assistant United States
Attorney, Roanoke, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Tony Allen Adams, Jr. pled guilty to one count of assault, in violation of 18 U.S.C. § 113(a)(6)(2000), and one count of intimidation of a witness, in violation of 18 U.S.C. § 1512(b)(2000). On appeal, he claims the district court abused its discretion in denying his motion to withdraw his guilty plea. Because we do not find an abuse of discretion, we affirm.

We review the district court's denial of the motion to withdraw the guilty plea for an abuse of discretion. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). Withdrawal of a guilty plea is not a matter of right. Id. (citing United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991)). The defendant bears the burden of showing a "fair and just reason" for the withdrawal of his guilty plea. Fed. R. Crim. P. 11(d)(2)(B). "[A] 'fair and just' reason . . . is one that essentially challenges . . . the fairness of the Rule 11 proceeding." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc). An appropriately conducted Rule 11 proceeding, however, raises a strong presumption that the guilty plea is final and binding. Id. Courts consider six factors in determining whether to permit the withdrawal of a guilty plea:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or otherwise involuntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between entry of the plea and filing of the motion; (4) whether the defendant has had close assistance of counsel;

- 2 -

(5) whether withdrawal will cause prejudice to the government; and (6) whether withdrawal will inconvenience the court and waste judicial resources.

Ubakanma, 215 F.3d at 424 (citing Moore, 931 F.2d at 248) (footnote omitted).

Because the Rule 11 proceeding was appropriately conducted, there is a presumption that Adams' guilty plea was final and binding. Adams failed to show his plea was anything but knowing and voluntary. He also failed to show he was actually innocent of the offenses or that his counsel was ineffective.

Accordingly, we affirm the convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED